■ In the Matter of FREDERICK S. DENNIN et al., Respondents, v. BOARD OF ASSESSORS OF THE TOWN OF HARRIETSTOWN et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered September 21, 1972 in Franklin County, which denied respondents' motion to dismiss a petition, in a proceeding pursuant to article 7 of the Real Property Tax Law, for review of tax assessments on petitioners' real property. On or before the first day of June, 1971, the assessors of the Town of Harrietstown duly completed the tentative assessment roll for the town, and thereafter duly scheduled a meeting of the Board of Review to be held on June 15, 1971 for the purpose of hearing complaints in relation to the assessments as provided by sections 506 and 512 of the Real Property Tax Law. The Board of Review met at the Town Hall in Saranac Lake, New York, on June 15, 1971 from 9:00 A.M. until 1:00 P.M. as required by section 506 and then adjourned. Prior to 5:00 P.M. on June 15, 1971, petitioner Frederick Dennin appeared at the Town Hall where he was advised that the Board of Review had adjourned and that Mr. Gerald Primeau, the Chairman of the Board of Assessors, was playing golf at a local golf club. Mr. Dennin then proceeded to the Saranac Lake Golf Club where he located Mr. Primeau at about 5:20 P.M. and delivered a handwritten protest of the assessment on the parcel of land owned by petitioners. No meeting was called to review this protest and on or before August 1, 1971, the assessors filed a certified copy of the completed assessment roll as required by section 516 of the Real Property Tax Law. This proceeding was commenced

by service of a verified petition dated August 11, 1971, and filed with the Town Clerk on August 23, 1971, wherein petitioners sought a reduction in the assessment on the parcel of land owned by them in the town and referred to in the protest delivered to Mr. Primeau. On or about July 25, 1972, respondents moved pursuant to CPLR 3211 (subd. [a], par. 2) for a judgment dismissing petitioners' application on the ground that the court did not have jurisdiction of the subject matter of the proceeding. The basis for the motion was that the protest delivered to Mr. Primeau on June 15, 1971 was (1) unsworn; (2) not in the form provided by, or in compliance with, the statutory requirements; (3) not filed prior to, or at the meeting held on, June 15, 1971 as required by the provisions of section 512 of the Real Property Tax Law; and (4) was not made at any time prior to or during normal business hours on June 15, 1971 and was, therefore, not timely filed pursuant to the provisions of subdivision 2 of section 508 of the Real Property Tax Law. Petitioners are nonresidents of the Town of Harrietstown and, as such, the provisions of section 512 of the Real Property Tax Law concerning the hearing of assessment complaints are not applicable to them since the Legislature, obviously in recognition of the difficulties facing nonresidents in protesting assessments, such as distance, travel time, and lack of forms, enacted subdivision 2 of section 508 of the Real Property Tax Law which provides as follows: "Upon application made on or before the third Tuesday of June by a person who is a non-resident of a city or town or by a corporation, owning real property in more than one city or town in the county, the assessors or the board of review shall fix a time subsequent to the third Tuesday in June, but not later than the fifteenth day of July, for a hearing to review the assessment of the real property of such person or corporation in their city or town." Thus, all a nonresident must do to obtain a review of his assessment is to make an application on or before the third Tuesday in the month of June. The form of the application is not prescribed by the statute and, therefore, need not be in compliance with the formal requirements of the sworn statement required by section 512 of the Real Property Tax Law, and need not be filed prior to or at the Board of Review meeting held in compliance with that section. Respondent's contention that the application must be filed during normal business hours is also without merit. Subdivision 2 of section 508 does not provide for filing or receipt during normal business hours, but merely provides that the application be made on or before the third Tuesday of June, a calendar day. The time within which the application must be made on that day is, therefore, governed by section 19 of the General Construction Law. Petitioners timely and properly made an application for review of their assessment in compliance with the Real Property Tax Law. (*Matter of Duane Realty Corp.* v. *Board of Assessors of Town of Rotterdam*, 55 Misc 2d 1007.) Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.